UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARAMIS D. ROSARIO,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MIDDLESEX COUNTY PROSECUTOR'S OFFICE and ANNY LOPEZ,<br><br>　　　Defendants. | Civil Action No. 23-20854 (RK) (DEA)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Amaris D. Rosario's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-3), together with his Complaint against the Middlesex County Prosecutor's Office and Anny Lopez ("Defendants"), (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint.

**I.    BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242. The Court received Plaintiff's Complaint on October 2, 2023. ("Compl.," ECF No. 1) Plaintiff alleges violations of 42 U.S.C. § 1983 and 18 U.S.C. § 242. (Compl. at 3.) Plaintiff's Complaint is brief and quite spartan: it alleges generally that Defendants withheld exculpatory evidence in violation of Plaintiff's constitutional rights under the *Brady* doctrine, presumably during the course of a criminal prosecution of Plaintiff. (*Id.*)

Plaintiff alleges that he suffered PTSD as a result of Defendants' actions, requiring him to see a doctor and psychiatric coordinator. (*Id.* at 4.) Plaintiff's Complaint does not appear to seek any form of relief. (*Id.*) Aside from alleging, in a most conclusory manner, the withholding of exculpatory information, Plaintiff does not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), nor does the Complaint allow Defendants to "meaningfully answer or plead to it," *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011), as required by Federal Rule of Civil Procedure 8(a).

Along with his Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) Plaintiff's sole listed income source is disability benefits, amounting to $925.75 monthly. (*Id.* at 2.) Plaintiff reports monthly expenses that total $1,005. (*Id.* at 4–5.) Plaintiff did not list any employment history, assets, or cash. (*Id.* at 1–3.)

## II.   LEGAL STANDARD

### A.   *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez*, 2023 WL 5237130, at *1 (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application here has established his inability to pay the filing fee, as the application shows that Plaintiff's monthly expenses exceed his monthly income, which is derived solely from disability benefits. (*Compare* ECF No. 1-3 at 2 *with id.* at 4–5.) Therefore, Plaintiff's IFP application is **GRANTED**.

#### B. Complaint Screening

When allowing a plaintiff to proceed IFP, the Court must screen the complaint and dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A

3

court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983 a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff's Complaint alleges that Defendants violated his constitutional rights, including "the principles established under the Brady doctrine," by intentionally, knowingly, and deliberately[] withholding exculpatory evidence," presumably during the course of a criminal prosecution of which Plaintiff was the defendant. (Compl. at 3.)

1. Prosecutorial Immunity

Prosecutors are absolutely immune from suit for all actions and decisions undertaken in furtherance of their prosecutorial duties. *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976). Thus, acts performed by a prosecutor in preparing for the initiation of judicial proceedings or trial or which otherwise occur in the course of the prosecutor's role as an advocate for the state are entitled to absolute immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 260 (1993). However, such immunity does not apply to acts which are so egregious that they "fall wholly outside the prosecutorial role." *Odd v. Malone*, 538 F.3d 202, 211 (3d. Cir. 2008); *see also Ernst v. Child and Youth Servs. Of Chester Cnty.,* 108 F.3d 486, 502 (3d. Cir. 1997) (quoting *Bauers v. Heisel,* 361 F.2d 581, 591 (3d Cir. 1966) (immunity is denied for acts which "a reasonable prosecutor would recognize as being 'clearly outside his jurisdiction' to

4

represent the state before the court.")). As relevant to Plaintiff's allegations, the Third Circuit has held that "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris v. Cnty. of Delaware,* 465 F.3d 129, 137 (3d Cir. 2006). However, a prosecutor is not entitled to absolute immunity for the deliberate destruction of exculpatory evidence because, as the Third Circuit explained, "[u]nlike decisions on whether to withhold evidence from the defense, decisions to destroy evidence are not related to a prosecutor's prosecutorial function." *Id.* at 137.

Plaintiff's allegations do not indicate that the Middlesex County Prosecutor's Office nor Anny Lopez acted outside the scope of their official prosecutorial capacity. Plaintiff's Complaint, which the Court notes only contains one sentence of factual allegations, alleges merely that Defendants "intentionally, knowingly, and deliberately" withheld exculpatory evidence. (Compl. at 3.) This conduct falls squarely within the protection discussed in *Imbler*, where the Supreme Court explained that a prosecutor's "deliberate withholding of exculpatory information" does not exempt them from prosecutorial immunity. 424 U.S. at 431–32, n.34. Thus, based on Plaintiff's Complaint, it appears to the Court that Defendants would be entitled to prosecutorial immunity, mandating dismissal of this suit. Nonetheless, even if Defendants were not entitled to immunity, the Court finds that Plaintiff's Complaint must be dismissed on the basis that it fails to state a claim upon which relief can be granted.

2. <u>Failure to State a Claim</u>

As noted above, the legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane*, 506 F. App'x at 122. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint fails to state a claim for several reasons. First, Plaintiff appears to base his suit at least in part on a criminal statute—18 U.S.C. § 242—which does not provide for a private right of action. *See United States v. City of Philadelphia*, 644 F.2d 187, 191–93 (3d Cir. 1980), overruled on other grounds, *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993) (declining to infer a civil cause of action under 18 U.S.C. § 242); *see also Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (18 U.S.C. § 242, "which criminalizes the deprivation of rights under color of law" provides "no private right of action for use" by a civil litigant).

Second, Plaintiff alleges generally that Defendants withheld exculpatory evidence and that he suffers PTSD as a result. However, his factual allegations are no longer than a single sentence and do not provide any detail regarding the circumstances underlying his Complaint besides that the action occurred on or about March 20, 2018 to present. Plaintiff does not explain what exculpatory evidence the Middlesex County Prosecutor's Office or Anny Lopez withheld—nor does Plaintiff distinguish between Defendants. *See, e.g., Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing the complaint because the "Complaint fails to separate out the liability for each defendant"); *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)). Plaintiff's bare-bones allegations thus fail to meet the standard under *Twombly*. 550 U.S. at 555. Accordingly, Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, **IT IS** on this 5th day of June, 2024,

1. **ORDERED** that Plaintiff's Application to Proceed IFP, (ECF No. 1-3), is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e) and that Plaintiff will have thirty (30) days to file an amended complaint; it is further

3. **ORDERED** that the Clerk of Court is directed to **CLOSE** this matter; and it is further

4. **ORDERED** that the Clerk of Court shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**