**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ARAMIS D ROSARIO,

    Plaintiff,

    v.

MIDDLESEX COUNTY PROSECUTOR'S
OFFICE, *et al.*,

    Defendants.

Civil Action No. 23-20854 (RK) (JTQ)

**<u>OPINION</u>**

**<u>KIRSCH, District Judge</u>**

    **THIS MATTER** comes before the Court upon its *sua sponte* screening under 28 U.S.C. § 1915(e) of Plaintiff Aramis Rosario's ("Plaintiff") First Amended Complaint (ECF No. 6, "FAC") and Second Amended Complaint (ECF No. 7, "SAC"), as well as a Motion to Dismiss (ECF No. 26) filed by Defendants the Middlesex County Prosecutor's Office (the "MCPO"), Assistant Prosecutor Anny Lopez, Assistant Prosecutor Brian D. Gillette, and Sergeant Christopher Pennisi (collectively, and together with the "MCPO," the "MCPO Defendants").[1]

    In addition, Plaintiff filed a Motion for Recusal of the MCPO (ECF No. 9) and a Petition for Writ of Mandamus (ECF No. 15). With respect to the Motion to Dismiss, Plaintiff filed an Opposition Brief (ECF No. 28), the MCPO Defendants filed a Reply Brief (ECF No. 29), and Plaintiff filed a Sur-Reply Brief[2] (ECF No. 31).

---

[1] Certain Defendants have not yet entered an appearance, including the Carteret Police Department, Officer Joseph Reiman, Captain Michael Dammann, Captain Karleen Duca, and the Borough of Carteret.

[2] As the MCPO Defendants point out in their December 3, 2024 letter to the Court (ECF No. 32), Plaintiff filed a sur-reply (ECF No. 31) in contravention of Local Civil Rule 7.1(d)(6), forbidding the same without permission of the Court. While it is true that Plaintiff's letter (ECF No. 33) seeking permission to file a sur-reply did not come in until after the MCPO Defendants filed their letter (and after the sur-reply was filed),

The Court has considered the parties' briefing[3] and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the MCPO Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Amended Complaints are **DISMISSED**. Additionally, for the reasons set forth below Plaintiff's Motion for Recusal and Petition for Writ of Mandamus are **DENIED**.

## I.    BACKGROUND

### A.    THE COURT'S MEMORANDUM ORDER DISMISSING THE ORIGINAL COMPLAINT

On June 5, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed his original Complaint (ECF No. 1) without prejudice. (ECF No. 4.) This Complaint was brought against two defendants, the MCPO and one of its assistant prosecutors, Anny Lopez, for "intentionally, knowingly, and deliberately" withholding exculpatory evidence under 42 U.S.C. § 1983. (ECF No. 1 at 3.) The Court, in performing its screening function pursuant to 28 U.S.C. § 1915(e), dismissed the Complaint on prosecutorial immunity grounds, as well as for failing to state a claim. (ECF No. 4 at 4–6.)

courts in this District generally have considered sur-replies of *pro se* litigants. *See, e.g., Ibrahim v. Emrich*, No. 24-01780, 2024 WL 4511982, at *2 (D.N.J. Oct. 17, 2024); see also *Cabrera v. Nazor*, No. 23-2745, 2024 WL 310523, at *2 n.3 (D.N.J. Jan. 25, 2024); see also *Richardson v. Cascade Skating Rink*, No. 19-8935, 2022 WL 2314836, at *2 (D.N.J. June 28, 2022).

However, any new factual allegations contained in any of Plaintiff's briefing (including in the sur-reply), that were not included in his Amended Complaint, will not be considered by the Court. *See, e.g. Taylor v. Computer Scis. Corp.*, No. 12-01848, 2021 WL 3464790, at *2 (D.N.J. Aug. 6, 2021) ("[T]he Court will of course not consider any factual allegations or claims raised for the first time in an opposition brief" even where a "Plaintiff is proceeding *pro se*.")

[3] The MCPO Defendants also filed an Opposition Brief (ECF No. 27) to Plaintiff's Motion for Recusal; Plaintiff did not file a Reply Brief. In response to Plaintiff's Petition for Writ of Mandamus (ECF No. 15), the MCPO Defendants filed an Opposition Brief (ECF No. 23), and Plaintiff followed with a Reply Brief (ECF No. 24).

**B.**    **AMENDED COMPLAINTS**

Following the Court's June 5, 2024 Memorandum Order, Plaintiff filed his First Amended Complaint (FAC, ECF No. 6) and his Second Amended Complaint (SAC, ECF No. 7; together with the FAC, the "Amended Complaints"[4]). The FAC added certain MCPO prosecutors as defendants in this action, including Brian D. Gillette and Karleen Duca, (FAC at 1), while the SAC added the Borough of Carteret, MCPO Detective Christopher Pennisi, as well as the Carteret Police Department and two of its police officers, Joseph Reiman and Michael Dammann, (SAC at 1). The SAC also added § 1983 claims for (i) excessive force; (ii) malicious prosecution; (iii) failure to investigate; and (iv) First Amendment retaliation for protected activity.[5] (SAC at 2–3.)

While the claims, and whom they are brought against, are difficult to discern, Plaintiff's Amended Complaints list a variety of isolated incidents whereby Plaintiff allegedly "faced ongoing retaliation and neglect by the Carteret Police Department and [the MCPO]." (SAC at 1–2.) The first of such incidents occurred in May 2016 when Plaintiff alleges Defendant Officer Joseph Reiman assaulted him and "shoved [him] through a plexiglass door without provocation, causing injury." (*Id.* at 1.) Plaintiff claims "[t]his constituted excessive force in violation of Plaintiff's Fourth Amendment rights." (*Id.*)

The second event involved a purported "negligent" investigation conducted by Defendant Sergeant Christopher Pennisi of a tort claim Plaintiff filed in June 2017, and which Plaintiff claims

---

[4] Given Plaintiff's *pro se* status, the Court will consider the FAC (ECF No. 6) and the SAC (ECF No. 7) together as the "Amended Complaints."

[5] Plaintiff also attempts to allege a denial of his "due process and equal protection [rights] under the Fourteenth Amendment." (ECF No. 7 at 2.) However, these claims are fatally devoid of sufficient factual allegations, including whom they are alleged against. As the claims are based on nothing more than Plaintiff's self-serving legal conclusions, the Court need not address them further. *See, e.g., Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) ("disregard[ing] [on a motion to dismiss,] legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" (quoting *Iqbal*, 556 U.S. at 678)).

was "regarding the assault and related civil rights violations." (*Id.*) Plaintiff alleges that "material (exculpatory evidence) was ignored or withheld, depriving Plaintiff of justice." (*Id.*) Also in June 2017, Plaintiff claims he was "unjustifiably denied" Pretrial Intervention, despite his "clean record" "demonstrat[ing] a pattern of bias and retaliation, violating Plaintiff's rights to due process." (*Id.*)

In February 2019, Plaintiff alleges he was "wrongfully indicted for allegedly misusing the 911 system, stemming from an October 2018 false arrest orchestrated by [Defendant] Capt. Michael Dammann." (*Id.*) Plaintiff asserts this "indictment was retaliatory" given the ongoing civil suit he had against members of the Carteret Police Department. (*Id.*) Over a year later, in June 2020, Plaintiff claims Defendant "Officer Joseph Reiman[] used a motor vehicle to threaten and intimidate Plaintiff, and attempt to cause bodily harm," and that the MCPO "failed to conduct a substantive investigation." (*Id.*)

In January 2021, Plaintiff claims he was "falsely arrested at a public library for 'defiant trespassing.'" (*Id.*) He claims, "[b]ody-worn camera evidence demonstrate[s] that the arrest was premeditated and unlawful." (*Id.*) The final incident (the "April 2022 Incident") occurred on April 28, 2022 when Plaintiff says he "was subject to a wrongful attempt at arrest," in which "Detective Mohammad Mohammad of the [MCPO] failed to investigate the matter properly and falsely claimed no records existed, despite body-worn camera evidence." (*Id.*)

C.    **PLAINTIFF'S MOTIONS**

In addition to filing the FAC and the SAC, Plaintiff has filed a myriad of motions before the Court. In all, Plaintiff filed three pre-answer motions and one petition for writ of mandamus (*See* ECF Nos. 9, 14, 15, 19.) All four essentially seek to have the MCPO and the New Jersey Attorney General's Office disqualified in some respect and have an independent investigator, such as the U.S. Department of Justice, put in their place. (*See id.*) The Honorable Justin T. Quinn

(U.S.M.J.) dismissed two of these pending motions as they were "neither based in law nor fact." (ECF No. 25 at 1.)

### D.    DEFENDANT'S MOTION TO DISMISS

On November 8, 2024, the MCPO Defendants filed a motion to dismiss under 12(b)(1) and 12(b)(6). (ECF No. 26.) The alleged grounds for dismissal are extensive and include (i) statute of limitations; (ii) Eleventh Amendment immunity; (iii) prosecutorial immunity; (iv) defendants are not "persons" under § 1983; and (v) certain claims are not cognizable or otherwise fail as a matter of law. (*See generally* ECF No. 26.)

## II.    LEGAL STANDARD

### A.    COMPLAINT SCREENING

Pursuant to 28 U.S.C. § 1915(e), the District Court may dismiss a case proceeding *in forma pauperis* "at any time" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While the statute "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), the Court's *sua sponte* screening power guards against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Although Federal Rule of Civil Procedure 8's ("Rule 8") requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### B.    MOTION TO DISMISS UNDER 12(B)(1)

Under Rule 12(b)(1), a defendant may move to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Two types of challenges can be made under Rule 12(b)(1)— 'either a facial or a factual attack.'" *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citation and quotation marks omitted).

### C.    MOTION TO DISMISS UNDER 12(B)(6)

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, allegations that are "no more than conclusions" may be disregarded. *Id.* at 679. Restatements of the elements of a claim are legal conclusions, and therefore, are inadequate alone to survive dismissal. *See Burtch*

*v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The court accepts allegations in the complaint as true and gives the plaintiff "the benefit of every favorable inference to be drawn therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

### A.    *SUA SPONTE* COMPLAINT SCREEN / MOTION TO DISMISS

Before the Court could screen the Amended Complaints, Plaintiff served Defendants Michael Dammann, Joseph Reiman, Anny Lopez, Christopher Pennisi, and Brian Gillette with the Summons and Amended Complaint, (ECF No. 8). The MCPO Defendants then moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 26.) While the Court acknowledges there are other alternative grounds for dismissing this suit, including many argued in MCPO Defendants' Motion to Dismiss (ECF No. 26), the Court will not discuss each and every one in performing its screening function here under 28 U.S.C. § 1915(e).[6]

### B.    STATUTE OF LIMITATIONS

The Court will first address the statute of limitations ("SOL") arguments raised by the MCPO Defendants. They assert that a two-year statute of limitations applies to Plaintiff's § 1983 claims. (*See* ECF No. 26-1 at 7.) Plaintiff responds that the continuing violations doctrine "effectively toll[s] the limitations period while the wrongful conduct endures." (ECF No. 28 at 2.)

---

[6] While the Court attempts, through this decision, to discern which claims are pleaded against which Defendants, the Amended Complaints nevertheless employ improper group pleading, subjecting them to dismissal on those grounds alone. In other words, a complaint fails when it forces "the Court to guess who did what." *See, e.g, Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-01206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (finding improper group pleading antithetical to contemporary pleading standards under Federal Rule of Civil Procedure 8); see also *Nelson v. Claussen*, No. 23-01896, 2024 WL 4249730, at *5 (D.N.J. Sept. 20, 2024) ("Courts in the District of New Jersey have found that vague references to defendants as a group and asserting 'general common factual allegations against all of them' is impermissible group pleading.")

The MCPO Defendants assert that because Plaintiff "Rosario pleads several unrelated injuries and claims, which would have been allegedly caused by different persons and/or agencies over a six-year period" "time-barred claim[s] 'cannot be resurrected by being aggregated and labeled continuing violations.'" (ECF No. 29 at 5 (quoting *Vitello v. Huisman*, No. 13-3884, 2014 WL 1092837, at *4 (D.N.J. Mar. 18, 2014).) The MCPO Defendants are correct: the continuing violations doctrine cannot save Plaintiff's time-barred claims.

### 1.    Two-Year Statute of Limitations

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "In the § 1983 context, we apply [a] two-year limitation when New Jersey is the applicable state." *Fisher v. Hollingsworth*, 115 F.4th 197, 210 (3d Cir. 2024) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). Accrual commences "when the plaintiff knows or has reason to know of [his] injury." *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

### 2.    Continuing Violations Doctrine

The continuing violations doctrine is a "narrow" "'equitable exception to the timely filing requirement.'" *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)); *see also Heraeus Med. GmbH v. Esschem, Inc.*, 927 F.3d 727, 740 (3d Cir. 2019). The doctrine only serves to postpone the running the statute of limitation "'when a defendant's conduct is part of a continuing practice.'" *Randall v. City of Philadelphia L. Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). Isolated or sporadic acts are insufficient to constitute a continuing practice. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 166 (3d Cir. 2013) (citation omitted); *see also Chitester v. Stacy*

*L.*, No. 17-12650, 2023 WL 3167646, at *5 (D.N.J. Apr. 28, 2023), *appeal dismissed*, No. 23-1957, 2024 WL 2801097 (3d Cir. Feb. 13, 2024) ("Plaintiff cannot point merely to the isolated actions . . . as indicia of a continued violation for purposes of tolling the statute of limitations.") Further, an act underlying a First Amendment retaliation claim is inherently a discrete act and thus precludes such a claim from being "subject to the continuing violations exception to the statute of limitations." *Myers v. Cnty. of Somerset*, 515 F. Supp. 2d 492, 501 n.1 (D.N.J. 2007), *aff'd*, 293 F. App'x 915 (3d Cir. 2008) (citing *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (internal quotations omitted)).

Even when liberally construed, only one alleged fact contained within the Amended Complaints occurs within the two-year statute of limitations: the April 2022 Incident whereby the MCPO Defendants purportedly "failed to investigate." (*See* SAC at 2.) The rest of the factual allegations cannot underlie any cognizable claims as they are alleged to have occurred prior to October 2, 2021 and are nothing more than isolated interactions with miscellaneous defendants that do not make up a continuing practice sufficient to toll the statute of limitations. (ECF No. 29 at 6.)

While Plaintiff claims that from the initial incident in May 2016 through the April 2022 incident, he "faced ongoing retaliation and neglect by the Carteret Police Department and Middlesex County Prosecutor's Office," (*id.* at 2), there are no well-pleaded non-conclusory allegations indicating that the various allegations are connected or otherwise form a continuous pattern. Plaintiff's random, isolated interactions with law enforcement cannot constitute a continuing practice, and his allegations of an April 2022 "failure to investigate" is not something that qualifies as an affirmative act to invoke the continuing violations doctrine. *See, e.g., Cibula v. Fox*, 570 F. App'x 129, 136 (3d Cir. 2014) ("A plaintiff must also point to an affirmative act that

took place within the limitations period for the continuing violations doctrine to apply." (citing *Cowell*, 263 F.3d at 293)); *see also Gould v. Borough*, 615 F. App'x 112, 116 (3d Cir. 2015) ("A government official's refusal to undo or correct a harm caused by the official's unlawful conduct is not an affirmative act for purposes of establishing a continuing violation." (cleaned up)). Therefore, discrete time-barred allegations in Plaintiffs' FAC and SAC "cannot be resurrected by being aggregated" under the guise of the continuing violations doctrine. *See O'Connor v. City of Newark*, 440 F.3d 125, 129 (3d Cir. 2006).

### 3.    Remaining Claim Under the SOL – Failure to Investigate

Thus, without tolling, Plaintiff's only timely allegation is the April 2022 Incident where non-party "Detective Mohammad Mohammad of the [MCPO] failed to investigate the [wrongful attempt at arrest of Plaintiff on or about April 28, 2022] and falsely claimed no records existed, despite body-worm camera evidence." (SAC at 2.) This claim cannot survive because Plaintiff, as a private citizen, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Campbell v. Bd. of Directors*, No. 22-1904, 2022 WL 16753878, at *1 (3d Cir. Nov. 2, 2022) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

### C.    NON-SOL GROUNDS FOR DISMISSAL

Even assuming *arguendo* that the claims are not time-barred, there are other grounds to dismiss the Amended Complaints.

### 1.    Claims Against MPCO Defendants

Prosecutorial immunity bars the claims against the MCPO Defendants. In the Court's June 5, 2024 Memorandum Order, the Court screened the original complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e) and dismissed it, *inter alia*, on prosecutorial immunity grounds. (*See* ECF No. 4.) In doing so, the Court explained that "prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in

their prosecutorial capacity." (ECF No. 4 at 5 (quoting *Yarns v. Cnty. of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006)).) In fact, "it is a long held rule that prosecutors enjoy absolute immunity from civil suits for [any] actions taken in their role as prosecutors." *Mirayes v. New Jersey*, No. 07-868, 2007 WL 1421812, at *4 (D.N.J. May 11, 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)). This also includes actions *within a prosecutorial capacity* that are "retaliatory, malicious, and unsupported by probable cause." *Jacobs v. City of Philadelphia*, No. 21-2314, 2022 WL 1772989, at *2 (3d Cir. June 1, 2022) (emphasis added) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993)).

Plaintiff's only allegations against the MCPO Defendants involve withholding evidence, failing to investigate, and denying Pretrial Intervention. (SAC at 1–3.) None of these allegations relate to non-prosecutorial conduct that would put the MCPO Defendants outside of the protections of absolute prosecutorial immunity. Therefore, none of the claims can survive against the MCPO Defendants.

### 2.    Claims Against the Carteret Police Department

Plaintiff also may not maintain an action pursuant to § 1983 against the Carteret Police Department. *See, e.g., Abdul-Aziz v. City of Elizabeth N.J. Police Dep't, No. 14-7675*, 2016 WL 2605987, at *3 (D.N.J. May 5, 2016). The Carteret Police Department—like all municipal police departments in New Jersey—"is not an entity separate from the municipality" and thus, cannot be separately sued. *Id.* (citing *N.J.S.A.* 40A:14–118). Thus the § 1983 claims against the Carteret Police Department are dismissed. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("[C]laim against the Police Department is equally unsuccessful because the Police Department cannot be sued.")

### 3.    Claims against the Borough of Carteret

Plaintiff's § 1983 claim against the Borough of Carteret fails as well. To recover against a municipality, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort." *Id.* Plaintiff's Amended Complaints are completely devoid of any allegation of a policy or custom established or maintained by the Borough of Carteret. Therefore, a Section 1983 claim against the municipality cannot be maintained. *See Abdul-Aziz*, 2016 WL 2605987, at *3 n.3.

### 4.    Claims Against Police Officers

Notwithstanding the SOL problems already addressed, the only remaining claims are against officers of the Carteret Police Department. In viewing the Amended Complaints in the best light for the *pro se* Plaintiff, the only possible discernable claims against individual officers are § 1983 claims for a 2016 excessive force incident and false arrests in 2018 and 2021. (SAC at 1–2.) Plaintiff also fails to maintain either claim because his allegations are nothing more than conclusory assertions.

On the excessive force claim, neither the FAC nor the SAC contain well-pleaded facts "indicating force was used maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Fontanez v. Kuhn*, No. 22-3046, 2022 WL 16961375, at *2 (D.N.J. Nov. 16, 2022) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010)). While Plaintiff does say "Officer Reiman shoved him through a plexiglass door without provocation, causing injury," (SAC at 1), this allegation is still devoid of sufficient details to make out a claim. The Amended Complaints lack details "about the circumstances that brought Plaintiff and the officers together

. . . [and] what happened leading up to the use of excessive force." *See Koyi v. Borough of Tinton Falls*, No. 21-20352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023).

Plaintiff's purported "October 2018 false arrest orchestrated by Capt. Michael Dammann" similarly contains no details. (SAC at 1.) This skeletal assertion alone is insufficient to state a claim. Plaintiff's January 2021 incident involved him being "falsely arrested at a public library for 'defiant trespassing.'" (*Id.* at 2.) He claims that "Body-worn camera evidence demonstrated that the arrest was premeditated and unlawful." (*Id.*) Again, Plaintiff fails to provide any surrounding details, let alone sufficient details, about either purported false arrest, including what happened leading up to the interactions with Defendants and why the purported trespass incidents did not justify arrests. Thus, in addition to the statute of limitations deficiencies, Plaintiff also fails to state claims for excessive force or false arrest against the police officer defendants.[7]

Plaintiff has now filed three complaints, and this is the second written decision (*see* ECF No. 4), dismissing his claims on a variety of grounds and *in toto*. Plaintiff's Amended Complaints are, thus, dismissed with prejudice as to all time-barred claims: § 1983 claims relating to factual allegations occurring prior to October 2, 2021. *See, e.g., Cowell*, 263 F.3d at 296 (finding an amendment is "futile" if "that claim would not be able to overcome the statute of limitations"). All claims brought relating to the April 2022 Incident are dismissed without prejudice.

---

[7] Beyond the grounds already discussed, the police defendants may also have qualified immunity. However, qualified immunity is only proper when "(1) the facts alleged show the officer's conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific context of the case" *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010)). However, when facts in a complaint are not clear with respect to meeting either prerequisite for qualified immunity, it cannot be grounds to grant a motion to dismiss. See *Koyi*, No. 21-20352, 2023 WL 7195170, at *7 (D.N.J. Nov. 1, 2023).

D.    **PLAINTIFF'S MOTIONS & PETITION**

While dismissing Plaintiff's Amended Complaints necessarily dismisses any other pending motions, the Court will briefly address Plaintiff's pending Motion for Recusal (ECF No. 9) and Petition for Writ of Mandamus (ECF No. 15) given their frivolousness.

Plaintiff brings a Motion for Recusal "due to substantial concerns regarding the Middlesex County Prosecutor's Office's ability to conduct a fair and impartial investigation in the above-referenced matter." (ECF No. 9 at 1.) He appears to request that the Court replace Defendant MCPO with the U.S. Department of Justice or the N.J. Office of Attorney General. (*Id.*) In doing so, Plaintiff attempts to invoke 28 U.S.C. § 455(a), but that statute only governs recusal of judges. Thus, the statute provides no basis for removing the MCPO as a defendant in this action or from any ongoing investigation. Consistent with the Honorable Judge Quinn's (U.S.M.J.) Letter Order, the Court finds the motion to be "based in [neither] law nor fact." (*See* ECF No. 25.)

Plaintiff also filed a Petition for Writ of Mandamus on October 15, 2024. (ECF No 15.) Although not completely clear, Plaintiff's Writ of Mandamus either seeks identical relief as his Motion for Recusal (ECF No. 9) or to have certain other investigations involving purported police misconduct conducted by the Middlesex County Prosecutor's Office transferred to a "neutral and impartial federal agency." (*See* ECF No. 15.) This Court has no mandamus jurisdiction to compel state or county prosecutor's offices to take or refrain from taking particular action in a pending investigation. *See, e.g., In re Brown*, 382 Fed. App'x 150, 150-51 (3d Cir. 2010) (finding a plaintiff's request for an order directing state officials to take action "lies outside the bounds of our mandamus jurisdiction as a federal court"); *see also Walker v. Regan*, No. 13-7556, 2015 WL 3604175, at *9 (E.D. Pa. June 9, 2015) ("The Court has no authority to issue writs of mandamus compelling state officials to take action." (quoting *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963))).

Therefore, the Court has further grounds to deny Plaintiff's Motion for Recusal and Petition for a Writ of Mandamus.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Amended Complaints are hereby **DISMISSED**. Plaintiff's Motion for Recusal and Petition for Writ of Mandamus are **DENIED** as moot. An appropriate Order accompanies this Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

<u>Dated:</u> December 18, 2024